**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| Walter Center,<br>Plaintiff,<br>v.<br>Parts Distribution Xpress, Inc.,<br>Defendant. | CIVIL ACTION NO. |

# COMPLAINT

Plaintiff Walter Center brings this Complaint for damages and other relief against Defendant Parts Distribution Xpress, Inc. and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*., ("FLSA").

## PARTIES

2. Plaintiff Walter Center is a citizen of Georgia.

3. Defendant Parts Distribution Xpress, Inc. is a Pennsylvania corporation.

4. Defendant's principle office is located at 1019 4th Ave, Lester, PA 19029.

5. Defendant may be served with process by delivering a copy of the Summons and this Complaint to Defendant's registered agent, CT Corporation System.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction over Plaintiff's claims because they raise questions of federal law.

7. Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Macon Division of the Middle District of Georgia.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM FOR FAILURE TO PAY OVERTIME

8. Defendant provides tire and auto parts delivery and logistics services in states throughout the East Coast of the United States, including Pennsylvania, New Jersey, and Georgia.

9. Defendant is a covered enterprise under the FLSA.

10. Defendant's gross sales or business done exceeds $500,000.00 annually.

11. Defendant is an enterprise engaged in commerce within the meaning of the FLSA.

12. Defendant employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for commerce.

13. For example, Defendant employs individuals who transport tires and auto parts manufactured outside the state of Georgia to retail sellers who sell the tires and auto parts to the ultimate consumers of the tires and auto parts.

14. Defendant orders and receives products from outside the state of Georgia.

15. Defendant's employees regularly handle materials that were manufactured outside the state of Georgia while performing their job duties.

16. Defendant's employees regularly use telephones manufactured outside the state of Georgia while performing their job duties.

17. Defendant's employees regularly use interstate telephone, mail, and internet services to communicate with each other and Defendant's customers while performing their job duties.

18. Defendant uses the internet to advertise its services across state lines.

19. For example, Defendant uses the internet to advertise its services in Pennsylvania, Georgia, and New Jersey.

20. Defendant advertises that it "brokers Independent Contractors and vehicles to replace and supplement the use of in-house vehicles, personnel, management services and backup support. In the past this service required the use of in-house drivers." (http://www.pdxdelivers.com/about.php, *last visited* March 3, 2019.)

21. Defendant qualifies as an employer under the FLSA.

22. Defendant hired Plaintiff as a delivery driver in approximately July 2016.

23. Defendant employed Plaintiff to pick up and deliver tires in Georgia.

24. Plaintiff typically picked up tire shipments for Defendant at American Tire in Byron, Georgia.

25. Plaintiff delivered tires for Defendant throughout the state.

26. The delivery territory assigned to Plaintiff by Defendant included parts of Bibb, Peach, Houston, Lamar, Upson, and Monroe Counties.

27. Defendant set Plaintiff's schedule.

28. Defendant instructed Plaintiff to arrive at American Tire by 5:00 a.m., Monday through Friday.

29. Plaintiff typically arrived at American Tire shortly before 5:00 a.m. to complete paperwork.

30. Plaintiff made deliveries throughout his assigned territory until approximately 4:00 p.m.

31. Plaintiff regularly delivered tires for Defendant five days per week.

32. Plaintiff regularly worked more than 40 hours per week while employed by Defendant.

33. Defendant determined Plaintiffs' compensation and paid Plaintiff's wages.

34. Defendant paid Plaintiff approximately $220 per day to deliver tires.

35. Defendant failed to pay Plaintiff overtime wages for hours worked over 40 per week.

36. In December 2018, Defendant fired Plaintiff after his truck broke down.

37. Defendant maintains Plaintiff's employment records.

38. Defendant maintains records of the wages Defendant paid to Plaintiff.

39. Defendant maintains records of deductions to Plaintiff's wages, such as insurance costs.

40. However, Defendant failed to maintain accurate records of Plaintiff's hours worked.

41. Defendant knew or should have known that Plaintiff worked hours over 40 per week during certain workweeks.

42. Defendant's practices resulted in Plaintiff working hours over 40 per week for which he was not compensated at one and one-half times his regular rate of pay.

**COUNT 1: FAILURE TO PAY OVERTIME WAGES**

43. Plaintiff worked more than 40 hours per week while employed by Defendant.

44. Defendant failed to compensate Plaintiff for all hours worked, including those over 40 per workweek.

45. Defendant failed to compensate Plaintiff at one and one-half times his regular rate of pay for all hours worked over 40 per workweek.

46. Defendant suffered or permitted Plaintiff to work hours over 40 per workweek.

47. Defendant knew or should have known that Plaintiff worked hours over 40 per workweek.

48. Defendant knew Plaintiff worked more than 40 hours during certain workweeks but chose not to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 per workweek.

49. Defendant failed to inquire as to whether the manner in which it compensated Plaintiff complied with the FLSA.

50. Defendant violated the FLSA's overtime provision willfully.

51. Defendant violated the FLSA's overtime provision with reckless disregard for Plaintiff's rights.

52. Pursuant to U.S.C. § 216(b), Defendant is liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorney's fees and costs of litigation.

**DEMAND FOR JUDGMENT**

Plaintiff respectfully requests that the Court:

(a) Declare that Defendant violated the FLSA;

(b) Enter judgment against Defendant that it violated the FLSA and, further, that its violations were willful;

(c) Enter a monetary judgment against Defendant, including:

  i) Unpaid overtime wages;

  ii) Liquidated damages in an amount equal to Plaintiff's unpaid wages;

  iii) Reasonable costs and attorney's fees; and

(d) Grant such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial.

Respectfully submitted: April 1, 2019.

/s/ John Mays
John Mays
Georgia Bar No. 986574
Dustin Crawford
Georgia Bar No. 758916

Counsel for Plaintiff

**PARKS CHESIN & WALBERT, P.C.**
75 14th Street, 26th Floor
Atlanta, Georgia 30309
Tel: (404) 873-8000
Fax: (404) 873-8050
jmays@pcwlawfirm.com
dcrawford@pcwlawfirm.com